## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

**TRAVIS SEALS and**
**ALI BERGERON**

**CIVIL ACTION**

**NO.**

**VERSUS**

**SECTION**

**BRANDN MCBEE, JON-RENE**
**SANJURJO, JESSICA MURRAY, and**
**SHERIFF DANIEL EDWARDS,**
**INDIVIDUALLY AND IN HIS OFFICIAL**
**CAPACITY AS SHERIFF OF**
**TANGIPAHOA PARISH**

## COMPLAINT

NOW COME Complainants, Travis Seals and Ali Bergeron, who, at all times material hereto, were persons of the full age of majority residing in the State of Louisiana, Parish of Tangipahoa, and who assert the following claims for relief:

1.

Made Defendants herein are the following:

A.   **BRANDON MCBEE ("McBee")**, a person of the full age of majority who was at all times material hereto employed as a deputy sheriff by the Tangipahoa Parish Sheriff, and acting in the course and scope of his employment with the Tangipahoa Parish Sheriff.

B.   **JON-RENE SANJURJO ("Sanjurjo")**, a person of the full age of majority who was at all times material hereto employed as a deputy sheriff by the Tangipahoa Parish Sheriff, and acting in the course and scope of his employment with the Tangipahoa Parish Sheriff.

C.      **JESSICA MURRAY ("Murray")**, a person of the full age of majority who was at all times material hereto employed as a deputy sheriff by the Tangipahoa Parish Sheriff, and acting in the course and scope of his employment with the Tangipahoa Parish Sheriff.

D.      **SHERIFF DANIEL EDWARDS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF TANGIPAHOA PARISH ("Edwards")**, a person of the full age of majority who was at all times material hereto Sheriff and chief law enforcement of Tangipahoa Parish, State of Louisiana, responsible for the hiring, retention, training, and supervision of all Tangipahoa Parish Sheriff's Deputies, and for the implementation of the Tangipahoa Parish Sheriff's customs, policies, and procedures, and for the enforcement of the Louisiana laws made subject of this Complaint.

2.

Jurisdiction is proper in this Honorable Court pursuant to 28 U.S.C §§1331 and 1367, inasmuch as this matter arises under 42 U.S.C. §1983, *et seq.*, the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United State Constitution, and Louisiana state law, including Louisiana Civil Code Articles 2315, 2316, 2317, 2320, 2324, and other applicable law.

3.

Venue is proper in this Honorable Court in part pursuant to 28 U.S.C §1391 inasmuch as a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Louisiana.

4.

At all times material hereto, defendants were persons acting under color of law within the meaning of 42 U.S.C. §1983, and are liable for the intentional, malicious, reckless, and/or otherwise-tortious conduct set forth below:

5.

On Christmas Eve, December 24, 2015, Complainants, Travis Seals and Ali Bergeron, were at their home in Hammond, Louisiana, when a neighbor arrived to complain to Seals's son about alleged reckless driving.

6.

On information and belief, the neighbor was at all times material hereto a convicted felon on probation, and a personal friend of defendant McBee.

7.

When the neighbor arrived at Seals's home, Seals left his home and told the neighbor to speak to him, not so his son.   After speaking to Seals , the neighbor left.

8.

Thereafter, the neighbor contacted one or more of the defendants or other employees of the Tangipahoa Parish Sheriff and falsely alleged that Seals threatened to shoot the neighbor and the neighbor's family.

9.

Thereafter, McBee, Murray, and Sanjurjo, arrived at Seals's home.

10.

At the time the deputies arrived, Seals was standing outside, on his walkway, in front of his front door.

11.

Upon being questioned by the deputies, Seals confirmed that he had spoken to the neighbor abut Seals's son's driving.   Seals also related that the neighbor had been disrespectful to his son and had come to Seals's home to cause a disturbance.

12.

McBee then demanded to know whether Seals had threatened to get a gun and shoot the neighbor and the neighbor's family.

13.

Realizing that the deputies had accepted as true the word of an unreliable civilian complainant, Seals decided to terminate the encounter with the deputies and to walk back inside his home.

14.

The deputies then told Seals that he was being detained for questioning and was not free to leave.

15.

At no time did the deputies have an arrest warrant for Seals or a search warrant for his home or person.

16.

Seals then exercised his right to remain silent and to answer no more questions.

17.

Seals then walked inside his home.

18.

The deputies then entered Seals's home where they physically seized and handcuffed Seals.

19.

The deputies then dragged Seals of his home.

20.

While Seals was handcuffed, Sanjurjo pepper-sprayed Seals in the face and eyes.

21.

The deputies forced Seals into the back of a police car and took him to jail.

22.

While he was being unlawfully seized, unlawfully arrested, and unlawfully pepper-sprayed, Seals verbally objected to the deputies' conduct and promised to make lawful complaints against the deputies and about their conduct.

23.

While Seals was being unlawfully seized, unlawfully arrested, and unlawfully pepper-sprayed, Bergeron objected to the deputies' conduct.

24.

In response, the deputies arrested Bergeron.   Murray handcuffed Bergeron and put her in the back of a police car.

25.

The deputies charged Bergeron with the disturbing the peace in violation of La. R.S. 14:103.

26.

The deputies' charges against Bergeron were made without probable cause and were ultimately dismissed and/or refused by the District Attorney before any trial.

27.

The deputies charged Seals with assault in violation of La. R.S. 14:36; aggravated assault with a firearm in violation of La. R.S. 14:37.4; resisting an officer in violation of La. R.S. 14:108; and public intimidation and retaliation in violation of La. R.S. 14:122.

28.

The deputies' charges against Seals were made without probable cause and were ultimately dismissed and/or refused by the District Attorney before any trial.

29.

As the above and foregoing allegations demonstrate, McBee, Sanjurjo, and Murray, are liable unto Seals for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) unlawful seizure, (f) cruel treatment, (g) violation of the Constitution and other laws of the United States and of the State of Louisiana, (h) excessive use of force, (i) unreasonable use of force, (j) malicious prosecution, and for all other acts and omissions as will be shown at trial.

30.

As the above and foregoing allegations demonstrate, McBee, Sanjurjo, and Murray, are liable unto Bergeron for (a) battery, (b) assault, (c) false arrest, (d) false imprisonment, (e) unlawful seizure, (f) cruel treatment, (g) violation of the Constitution and other laws of the United States and of the State of Louisiana, (h) excessive use of force, (i) unreasonable use of force, (j) malicious prosecution, and for all other acts and omissions as will be shown at trial.

31.

As the above and foregoing allegations demonstrate, Edwards is vicariously liable unto Seals and Bergeron as a matter of Louisiana state law for the acts, omissions, torts, and/or other misconduct of McBee, Sanjurjo, and Murray.

**DAMAGES**

32.

In light of the above and foregoing, Defendants McBee, Sanjurjo, Murray, and Edwards, caused, and are liable unto Seals and Bergeron jointly, severally, and *in solido* for, the following damages:

A.   Past, present, and future physical pain, suffering, and disability of Travis Seals and Ali Bergeron;

B.   Past, present, and future mental and emotional distress of Travis Seals and Ali Bergeron;

C.   Past, present, and future, loss of enjoyment of life of Travis Seals and Ali Bergeron;

D.   Past, present, and future medical expenses of Travis Seals and Ali Bergeron;

E.   Attorney's fees, costs, expenses, and other special and general damages related to the false arrest and malicious prosecution of Travis Seals and Ali Bergeron;

F.   Punitive damages;

G.   Exemplary damages;

H.   Attorney's fees and costs incurred in or related to this proceeding;

I.        Interest on all damages, attorney's fees, costs, punitive damages, exemplary damages, and other damages or elements of recovery;

J.        All other damages and legal or equitable relief for which the law provides recovery.

**DECLARATORY AND INJUNCTIVE RELIEF**

33.

Complainants re-aver and re-allege the preceding allegations of this Complaint.

34.

Louisiana Revised Statute 14:122, entitled Public Intimidation and Retaliation, makes it a felony for a citizen to use any threat upon a public officer with the intent to influence the officer's conduct in relation to his position, employment, or duty.

35.

The First Amendment to the United States Constitution guarantees to the people the freedom of speech, the right to peaceably assemble, and the right to petition the government for a redress of grievances.

36.

Louisiana Revised Statute 14:122 regulates speech.

37.

Louisiana Revised Statute 14:122 regulates all threats and is not restricted to true threats.

38.

Louisiana Revised Statute 14:122 is vague and overbroad, both on its face and as applied to Seals in this case and as it could likely be applied to Seals and others at any time in the future.

39.

Louisiana Revised Statute 14:122 is a content-based prior restraint on the freedom of speech and on the right to petition the government for a redress of grievances guaranteed by the First Amendment of the United States Constitution.

40.

As such, La. R.S. 14:122 is presumptively unconstitutional.

41.

This Honorable Court should therefore declare La. R.S. 14:122 to be an unconstitutional violation of the First Amendment.

42.

This Honorable Court should therefore enjoin defendants Edwards, McBee, Sanjurjo, and Murray from further enforcement of La. R.S. 14:122 against Seals or others who have not engaged in violence, force, or true threats.

## SUPERVISORY/*MONELL* LIABILITY

43.

Complainants re-aver and re-allege the preceding allegations of this Complaint.

44.

Over forty years before defendants arrested Seals for public intimidation, the United States Supreme Court held that a state could not criminalize speech by an arrestee to an arresting officer such as "White son of a bitch, I'll kill you," "You son of a bitch, I'll choke you to death," and "You son of a bitch, if you ever put your hands on me again, I'll cut you all to pieces." *Gooding v. Wilson*, 405 U.S. 518 (1972).

45.

Nevertheless, defendants arrested Seals because Seals allegedly threatened their jobs.

46.

The alleged "threats" by Seals to complain about the defendants' job performance were all protected by the First Amendment to the United States Constitution.

47.

Nevertheless, Edwards failed to train and supervise his deputies, including McBee, Sanjurjo, and Murray, in the First Amendment protection of the speech of residents of Tangipahoa Parish, including Seals, and in the proper, constitutional, scope of Louisiana's public intimidation law.

48.

Further, on information and belief, Edwards failed to train and supervise his deputies, including McBee, Sanjurjo, and Murray, in a citizen's right to remain silent in the face of police questioning and the right of citizens who exercise such right to be free from warrantless seizure.

**JURY DEMAND**

49.

Complainants demand a trial by jury for all claims and issues so triable.

**PRAYER FOR RELIEF**

**WHEREFORE,** Complainants, Travis Seals and Ali Bergeron, pray that this Complaint be deemed good and sufficient and that after due proceedings are had, judgment be rendered on behalf of Complainants and against Defendants jointly, severally, and *in solido*, for the foregoing general and special damages, punitive damages, attorney's fees, costs, interest, and other recoverable damages; for a declaration that La. R.S. 14:122 is unconstitutional and may not be

enforced; and for all other legal and equitable relief to which Complainants are entitled.

Respectfully submitted:

/s/ Kearney S. Loughlin
KEARNEY S. LOUGHLIN
La. State Bar No. 26391
6030 Prytania Street
New Orleans, Louisiana 70118
Telephone:     (504) 891-3193
Facsimile:      (504) 891-3195
**Attorney for Complainants Travis Seals and Ali Bergeron**