# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

TRAVIS SEALS ET AL.                                     CIVIL ACTION

VERSUS                                                  NO: 16-14837

BRANDON MCBEE ET AL.                                    SECTION: "H"

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Partial Summary Judgment
(Doc. 25).  For the foregoing reasons, the Motion is GRANTED.

## BACKGROUND

After an altercation with his neighbor, Plaintiff Travis Seals alleges that
he was arrested at his home by deputies from the Tangipahoa Parish Sheriff's
Office.  During the arrest, Seals objected to the deputies' conduct, including the
use of pepper spray, and threatened to make a lawful complaint regarding
their conduct.   Seals was charged with, among other things, public
intimidation and retaliation in violation of Louisiana Revised Statutes § 14:122
for that threat.  Section 14:122 makes it a crime to threaten a public official

1

"with the intent to influence his conduct in relation to his position, employment, or duty."  The charge was ultimately dismissed or refused.

Plaintiffs[1] argue that, on its face, § 14:122 makes it criminal to "threaten" to take lawful actions, such as oppose or challenge police action, write a letter to the newspaper, or to file a lawsuit.  They argue that such statements are protected speech, and § 14:122 is therefore unconstitutionally overbroad in violation of the First Amendment.  The Attorney General has intervened to defend this allegation of unconstitutionality.  In the instant motion, Plaintiffs move for partial summary judgment on their claim that § 14:122 is an unconstitutional restriction on the freedom of speech, and they seek an injunction prohibiting further enforcement of the statute.  The Attorney General has opposed this Motion and seeks summary judgment in its favor pursuant to Fed. Rule Civ. Pro. 56(f).

## LEGAL STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2]  A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

---

[1] Plaintiff Ali Bergeron was also arrested in the incident but was not charged under § 14:122.

[2] Fed. R. Civ. P. 56(c) (2012).

[3] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

---

[4] *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 532 (5th Cir. 1997).

[5] *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995).

[6] *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

[7] *John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

[8] *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 394 (5th Cir. 2000) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)).

[9] *Boudreaux v. Banctec, Inc.*, 366 F. Supp. 2d 425, 430 (E.D. La. 2005).

3

# LAW AND ANALYSIS

In this Motion, Plaintiffs seek a ruling that Louisiana's public intimidation law, § 14:122, is unconstitutional and an injunction preventing Defendants from further enforcement of the statute. The Attorney General opposes this Motion and seeks summary judgment in its favor pursuant to Fed. Rule Civ. Pro. 56(f).

In its totality, Louisiana Revised Statutes § 14:122 states that:

A. Public intimidation is the use of violence, force, or threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(1) Public officer or public employee.
(2) Grand or petit juror.
(3) Witness, or person about to be called as a witness upon a trial or other proceeding before any court, board or officer authorized to hear evidence or to take testimony.
(4) Voter or election official at any general, primary, or special election.
(5) School bus operator.
B. Retaliation against an elected official is the use of violence, force, or threats upon a person who is elected to public office, where:
(1) The violence, force, or threat is related to the duties of the elected official.
(2) Is in retaliation or retribution for actions taken by the elected official as part of his official duties.
C. Whoever commits the crime of public intimidation or retaliation against an elected official shall be fined not more than one thousand dollars or imprisoned, with or without hard labor, for not more than five years, or both.

Plaintiffs' arguments primarily center on the constitutionality of the statute's prohibition on threats made with the intent to influence a public official.

**A.     Standing**

At the outset, the Attorney General argues that Plaintiffs lack standing to raise a challenge to § 14:122. "To have standing, a plaintiff must demonstrate that he has been injured, that the defendant caused the injury, and that the requested relief will redress the injury."[10] "The plaintiff must show that he has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical."[11] The Attorney General argues that Plaintiffs cannot show that they have sustained or are in danger of sustaining injury. It argues that a single past incident of unconstitutional conduct cannot create standing.

Claims regarding the First Amendment, however, have "unique standing issues because of the chilling effect, self-censorship, and in fact the very special nature of political speech itself."[12] "To satisfy standing requirements . . . this type of self-censorship must arise from a fear of prosecution that is not imaginary or wholly speculative."[13] In *King v. Caldwell*, a court in this District found that the plaintiffs had standing to challenge the constitutionality of a statute making it a crime to make public statements regarding investigations of the Louisiana Board of Ethics.[14] The plaintiffs had been arrested for speaking with the media regarding a claim that they had made to the Louisiana State Board of Ethics in violation of Louisiana Revised Statutes §

---

[10] *Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 659 (5th Cir. 2006).
[11] *City of Los Angeles v. Lyons*, 461 U.S. 95, 101–02 (1983).
[12] *Carmouche*, 449 F.3d at 660.
[13] *Id.*
[14] *King v. Caldwell ex rel. Louisiana*, 21 F. Supp. 3d 651, 657 (E.D. La. 2014).

42:1141, "which makes it a crime to breach the confidentiality of ethics complaints by making public statements concerning a private investigation or hearing of the Louisiana Board of Ethics."[15] The charges against the plaintiffs were nolle prossed. The court found that there was a credible threat of future prosecution in light of the history of enforcement in the case. It stated that the "contention that plaintiffs suffered no actual injury simply because the charges against them were dropped is specious at best."[16] "It is well established that a credible threat of future criminal prosecution will confer standing."[17]

The facts at issue here are similar to those presented in *King*, and indeed, weigh even more toward a finding of standing. Here, there is a history of enforcement of the public intimidation law to criminalize threats of lawful action both in this matter and in others.[18] In addition, pursuant to Louisiana Code of Criminal Procedure article 572(A)(2), Plaintiff Seals could be prosecuted for the speech at issue in this suit for up to four years following the incident.

The Attorney General argues that Plaintiffs' fear of prosecution is too speculative to confer standing. It argues that:

> "The Plaintiffs have not proven that there is a reasonable likelihood that one of them will be arrested, will then tell the arresting officer something perceived by the officer to constitute a threat, and then be charged with La. R.S. 14:122. Because this Court must presume that the Plaintiffs will act as law abiding citizens and 'will conduct their activities within the law and so

---

[15] *Id.*

[16] *Id.* at 655.

[17] *Id.*

[18] *See State v. Mouton*, 129 So. 3d 49, 54 (La. App. 3 Cir. 2013) (affirming the Defendant's conviction for public intimidation when he told officers they "would be sorry for arresting him. He's was going to sue us and he was going to get our jobs.").

avoid prosecution and conviction as well as exposure to the challenged course of conduct,' the Plaintiffs have no standing to establish entitlement to any injunctive relief."[19]

The Attorney General's argument, however, highlights exactly why standing in First Amendment challenges requires a unique analysis. Indeed, as Plaintiffs point out, "[a] free speech litigant who conducts his activities within the challenged law is one who shuts his mouth, self-censors, and declines to speak on matters of public concern for fear of prosecution."[20] Here, Plaintiffs would be forced to self-censor threats of lawful action in order to avoid future prosecution under § 14:122. "Controlling precedent of the Fifth Circuit establishes that a chilling of speech because of the mere existence of an allegedly vague or overbroad statute can be sufficient injury to support standing."[21] Accordingly, this Court finds that Plaintiffs have standing to challenge the constitutionality of § 14:122.

## B.    Constitutionality

Section 14:122 criminalizes certain speech based on its content, that is, whether or not the speech is a threat through which the speaker intends to influence a public officer. It is well settled that "[a] law that is content based on its face is subject to strict scrutiny."[22] Strict scrutiny "requires the Government to prove that the restriction furthers a compelling interest and is narrowly tailored to achieve that interest."[23] In addition, a content-based

---

[19] Doc. 32 (quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 103).
[20] Doc. 35.
[21] *Carmouche*, 449 F.3d at 660.
[22] *Reed v. Town of Gilbert, Ariz.*, 135 S. Ct. 2218, 2228 (2015).
[23] *Id.*

restriction on speech is "presumptively invalid, and the Government bears the burden to rebut that presumption."[24] Plaintiffs argue that the statute is overbroad and not narrowly tailored to accomplish its purpose.

"[A] law may be invalidated as overbroad if a substantial number of its applications are unconstitutional, judged in relation to the statute's plainly legitimate sweep."[25] "[T]he first step in overbreadth analysis is to construe the challenged statute; it is impossible to determine whether a statute reaches too far without first knowing what the statute covers."[26]

Section 14:122 states that, "Public intimidation is the use of violence, force, or threats upon [a public official], with the intent to influence his conduct in relation to his position, employment, or duty." This Court reads § 14:122 to prohibit all threats made with the intent to influence the behavior of a public official. Indeed, the statute's comments indicate that, "The words 'violence, force, or threats' should include threats of harm or injury to the character of the person threatened as well as actual or threatened physical violence."[27] Accordingly, on its face, § 14:122 criminalizes the comments at issue here as well as other threats to engage in lawful conduct such as, criticizing a police officer, writing a letter to the newspaper, filing a lawsuit, voting for an official's opponent, or filing an ethics complaint.

The Attorney General argues, however, that the statute should be read to include a requirement of corrupt intent. It contends that the public intimidation statute should be interpreted identically to the public bribery

---

[24] *United States v. Stevens*, 559 U.S. 460, 468 (2010).
[25] *Id.* at 473.
[26] *Id.*
[27] La. Rev. Stat. §14:122 (cmt).

statute because, as the comments suggest, "the public intimidation section includes the same parties and requires the same purpose as [the public bribery] section. The principal difference in the two sections is the method used to accomplish the purpose."[28]   The Attorney General argues that cases interpreting the public bribery statute have found that the statute requires a "corrupt intent."   "Intent is corrupt when it is to influence 'official action to obtain a result which the party would not be entitled to as a matter of right.'"[29] Accordingly, the Attorney General argues that in order to violate Louisiana's public intimidation statute, "one must threaten a public employee in order to obtain a result to which the offender would not be entitled to as a matter of right."[30]

On its face, however, the statute says no such thing.  "Courts in applying criminal laws generally must follow the plain and unambiguous meaning of the statutory language."[31]   There is nothing ambiguous about the plain language of the statute before this Court.  It unambiguously states that all threats made with the intent to influence a public official are criminal.  "If the statute is clear and unambiguous, then it is to be applied as written."[32]   Indeed, § 14:122 has been applied by Louisiana courts consistent with such an interpretation.  In *State v. Mouton*, the Louisiana Third Circuit Court of Appeal affirmed the defendant's conviction under § 14:122 for threatening, during his arrest, to sue a police officer or have him fired.  The *Mouton* court did not

---

[28] *Id.*
[29] *State v. Smith*, 212 So. 2d 410, 415 (La. 1968).
[30] Doc. 32, p. 11.
[31] *United States v. Rainey*, 757 F.3d 234, 241 (5th Cir. 2014).
[32] *State v. Fussell*, 974 So. 2d 1223, 1232 (La. 2008).

discuss a corrupt intent requirement. Accordingly, this Court interprets § 14:122 according to its plain meaning—to criminalize all threats made with the intent to influence a public official.

This holding disposes of the Attorney General's argument that § 14:122 prohibits only speech that is not protected by the First Amendment, such as true threats, extortion, and speech integral to criminal conduct. Threats to take lawful, non-violent action are not "true threats" or any other category of speech that has not historically been protected by the First Amendment.[33] Accordingly, § 14:122 criminalizes both protected and unprotected speech.

Having found that the speech at issue is constitutionally protected, the Court must now consider whether the statute is unconstitutional on its face. The Attorney General does little in the way of arguing that § 14:122 is constitutional as written or in overcoming the presumption of unconstitutionality. Instead, it campaigns for the reading rejected above. Although the Attorney General does not define the compelling state interest sought by § 14:122, this Court can assume that its purpose is to protect public officials and the other specifically enumerated persons from undue influence, intimidation, or violence preventing them from impartial performance of their duties. This Court finds, however, that the statute is not sufficiently narrowly tailored to achieve this purpose and is overbroad. A law is overbroad if it "'does not aim specifically at evils within the allowable area of control . . . but sweeps within its ambit other activities that constitute an exercise' of First

---

[33] "'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals." *Virginia v. Black*, 538 U.S. 343, 359 (2003).

Amendment rights."[34]  Plaintiffs have shown that a substantial number of the applications of the statute at issue are unconstitutional.  The law encompasses far more than true threats and sweeps within its ambit threats to engage in lawful activities.  In addition, it criminalizes threats to defame the character of a public official—an act that has long been considered protected speech when done without actual malice.[35]  Indeed, an entire class of protected speech is reached by the statute.  Accordingly, this Court holds that § 14:122 is unconstitutionally overbroad insofar as the statute criminalizes speech protected by the First Amendment.

---

[34] *Beckerman v. City of Tupelo, Miss.*, 664 F.2d 502, 507 (5th Cir. 1981).

[35] *Davis v. Borskey*, 660 So. 2d 17, 23 (La. 1995), ("A public official plaintiff cannot recover for a defamatory statement relating to his or her official conduct, even if false, unless the public official proves actual malice by clear and convincing evidence."); *Garrison v. State of La.*, 379 U.S. 64, 78 (1964); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 273 (1964).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Summary Judgment is GRANTED. The Court hereby declares Louisiana Revised Statutes § 14:122 invalid insofar as it prohibits "the use of . . . threats upon any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty." Defendants, Intervenor, and their officers, agents, servants, employees, and assigns are hereby enjoined from enforcing this provision, until further order of this Court. Counsel for Plaintiffs shall submit a proposed injunction and judgment within five working days of this Order.

New Orleans, Louisiana this 31st day of July, 2017.

_____
JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE