UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**TRAVIS SEALS, ET AL.**                                            **CIVIL ACTION**

**VERSUS**                                                          **NO. 16-14837**

**BRANDON MCBEE, ET AL.**                                           **SECTION "H" (3)**

REPORT AND RECOMMENDATION

The District Court referred the determination of the amount of reasonable attorneys' fees and costs to the undersigned Magistrate Judge. [Doc. # 93]. Now before the Court is the Motion to Tax Costs and Attorney's Fees [Doc. #86] filed by plaintiffs Travis Seals and Ali Bergeron. The motion is opposed. [Doc. #88]. Having reviewed the pleadings and the case law, the Court rules as follows.

**I.      Background**

The underlying facts are for the most part unimportant here. In short, plaintiffs Travis Seal and Ali Bergeron challenged as unconstitutional Louisiana Revised Statute §14:122, which criminalizes "the use of violence, force, or threats" on any public officer or employee with the intent to influence the officer's conduct in relation to his position. Plaintiffs argued that the statute unconstitutionally infringes their free speech rights under the First Amendment because "threats" include both "true" threats, *i.e.*, those of violence to a police officer in the course and scope of his duties, and lawful threats, *i.e.*, threats to sue a police officer or challenge an incumbent politician for his seat.   The District Court agreed and enjoined Louisiana from enforcing Section 14:122 as it relates to "threats."   *Seals v. McBee*, Civ. A. No. 16-14837, 2017 WL 3252673 (E.D. La. July 31, 2017).   The Fifth Circuit recently affirmed the District Court's opinion and denied rehearing *en banc*.   *Seals v. McBee*, 898 F.3d 587 (5th Cir. 2018), *reh'g en banc denied*, – F.3d –, No. 17-30667, 2018 WL 5659735 (5th Cir. 2018).

**II.     Law and Analysis**

    **A.     Entitlement to Fees and Who is Responsible for the Payment**

The only party to oppose plaintiffs' motion for fees is the Attorney General of Louisiana, who argues that he alone should not be responsible for the fees and costs incurred by plaintiffs. No party seriously contends that plaintiffs are entitled to their fees and costs here. The Attorney General merely argues that the fees and costs should be apportioned among all defendants. For their part, plaintiffs do not care either way who pays the fees and costs as long as they are paid.

The Court rejects the Attorney General's argument – mainly because it is foreclosed by the District Court. In its referral to this Court, the District Court held:

> This Court agrees that the Attorney General should be solely responsible for the attorney's fees and costs that Plaintiffs incurred in their challenge of the constitutionality of § 14:122. The Attorney General intervened in this action to specifically defend the constitutionality of the statute. Indeed, it was the only party to oppose Plaintiffs' Motion for Partial Summary Judgment seeking a holding that the statute was unconstitutional. Defendants at all times maintained that they relied on the statute in a good faith belief in its constitutionality but never sought to defend such. Further, the constitutionality of § 14:122 is the only issue that has been litigated thus far in this litigation, and Plaintiffs' allegations against Defendants remain pending.
>     Accordingly, Plaintiffs are entitled to an award of attorney's fees and costs pursuant to 42 U.S.C. § 1988 to be assessed solely against the Intervenor Attorney General.

[Doc. #93 at p. 2] (footnotes omitted).

The issue of who is responsible for the payment of plaintiffs' fees and costs has thus been removed from the ambit of this Court's recommendation.

    **B.     The Lodestar Approach**

As noted above, the United States Supreme Court and the Fifth Circuit have oft-repeated

that a request for attorneys' fees should not spawn major ancillary litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *Associated Builders & Contractors of La., Inc. v. Orleans Parish School Bd.*, 919 F.2d 374, 379 (5th Cir. 1990). A court's discretion in fashioning a reasonable attorney's fee is broad and reviewable only for an abuse of discretion, *i.e.*, it will not be reversed unless there is strong evidence that it is excessive or inadequate, or the amount chosen is clearly erroneous. *Hopwood v. State of Tex.*, 236 F.3d 256, 277, n.79 (5th Cir. 2000); *Hensley*, 461 U.S. at 436-37.

To determine a reasonable fee, the court must provide a concise but clear explanation of its reasons for the fee award, making subsidiary factual determinations regarding whether the requested hourly rate is reasonable, and whether the tasks reported by counsel were duplicative, unnecessary, or unrelated to the purposes of the lawsuit. *Hensley*, 461 U.S. at 437-39; *Associated Builders & Contractors*, 919 F.2d at 379. The Fifth Circuit has noted that its "concern is not that a complete litany be given, but that the findings be complete enough to assume a review which can determine whether the court has used proper factual criteria in exercising its discretion to fix just compensation." *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986).

In assessing the reasonableness of attorneys' fees, the court must first determine the "lodestar" by multiplying the reasonable number of hours expended and the reasonable hourly rate for each participating attorney. *See Hensley*, 461 U.S. at 433; *Green v. Administrators of the Tulane Educ. Fund*, 284 F.3d 642, 661 (5th Cir. 2002); *Migis v. Pearle Vision, Inc.*, 135 F.2d 1041, 1047 (5th Cir. 1998); *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The fee applicant bears the burden of proof on this issue. *See Riley v. City of Jackson*, 99 F.3d 757, 760 (5th Cir.1996); *Kellstrom*, 50 F.3d at 324; *In re Smith*, 996 F.2d 973, 978 (5th Cir.1992).

### i. Reasonable Hourly Rates

Turning to the accounting statement and affidavit submitted by plaintiffs' counsel, this Court must determine whether the hourly rates of $325.00/hour in 2016 and $350.00/hour in 2017 and 2018 for Kearney Loughlin are reasonable. Loughlin is a sole practitioner with 19 years of experience. The Attorney General does not dispute Loughlin's rate of $325.00/hour in 2016 but argues that the $25.00/hour increase in 2017 and 2018 is not justified or explained and amounts to no more than an unqualified and unexplained fee increase. This argument is specious.

"'[R]easonable' hourly rates 'are to be calculated according to the prevailing market rates in the relevant community.'" *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). "[T]he burden is on the fee applicant to produce satisfactory evidence – in addition to the attorney's own affidavits – that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill." *Blum*, 465 U.S. at 895 n.11. "An attorney's requested hourly rate is prima facie reasonable when she requests that the lodestar be computed at her 'customary billing rate,' the rate is within the range of prevailing market rates and the rate is not contested." *White v. Imperial Adjustment Corp.*, No. 99-3804, 2005 WL 1578810, at *5 (E.D. La. June 28, 2005) (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 328 (5th Cir 1995).

Reviewing the case law in this district, the Court finds that $350.00/hour for an attorney in 2017 and 2018 with 19 years of experience who litigated this case as a sole practitioner with no outside help is reasonable. *See, e.g., Hubert v. Curren*, Civ. A. No. 18-7069, 2018 WL 4963595 (E.D. La. Oct. 15, 2018) (reducing rate of partner with 17 years experience from $400.00/hour to $300.00/hour as prevailing rate in this district); *Sanchez v. Pizzati Enters., Inc.*, No. 17-9116, 2018

WL 3954866, at *4 (E.D. La. Aug. 16, 2018) (finding $325 to be a reasonable hourly rate for an attorney with 15 years of labor and employment experience); *Alfasigma USA, Inc. v. EBM*, Civ. A. No. 17-7753, 2018 WL 3869496, at *4 (E.D. La. Aug. 15, 2018) (finding that $325 per hour was a reasonable rate for an attorney with 23 years of specialized experience in products liability litigation); *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 6344021, at *2 (E.D. La. Dec. 12, 2017) (finding that $350 was a reasonable hourly rate for an attorney with over 17 years of experience, with particular expertise in the area of mortgaged vessels); *Parkcrest Builders, L.L.C. v. Hous. Auth. of New Orleans*, No. 15-1533, 2017 WL 4682297, at *2 (E.D. La. Oct. 18, 2017) (finding $225 to be a reasonable hourly rate for a managing partner with 35 years of construction law experience); *Curry v. Lou Rippner, Inc.*, No. 14-1908, 2016 WL 236053, at *6 (E.D. La. Jan. 20, 2016) (finding that $210 was a reasonable hourly rate for a founding partner with more than 15 years of experience); *Norris v. Causey*, No. 14-1598, 2016 WL 1046101, at *9 (E.D. La. Mar. 16, 2016) (finding that $250 was a reasonable hourly rate for an attorney with 31 years of experience). Pursuant to this case law, Loughlin's rates of $325.00/hour and then $350.00/hour are reasonable.

As noted above, the Attorney General only challenges the increase to $350.00/hour in 2017 and 2018. The Attorney General's arguments on this point are specious at best. It is axiomatic that the billing rates for an attorney will increase based on the passage of years and the market analysis in each district in this country. The Attorney General's argument would mean that a recent graduate from law school who charges $200.00/hour may never increase that rate due to, for example, a cost of living increase, and would still need to charge $200.00/hour after practicing law for 25 years. Raising hourly billable rates is a normal facet of a litigious economy, and the

Court finds that only raising the hourly rate by $25.00/hour *and* maintaining that rate with no increase for 2018 is more than reasonable here.

### ii. Reasonable Hours Expended

The Attorney General raises numerous arguments as to the hours expended by plaintiffs' counsel. This Court will consider them seriatim.

The Attorney General first argues that the travel time billed by plaintiffs' counsel should be billed at a reduced rate. The disputed entries relate to counsel's preparation for and travel to and from Lafayette, Louisiana to New Orleans to participate in oral argument before both the District Court and the Fifth Circuit.

While the Attorney General cites case law to support his argument, that case law is inapposite given that the Attorney General has not cited one civil rights lawsuit in which Section 1988 was implicated. That is fatal to his argument because courts have recognized that attorney's fees in civil rights cases differ from those under other, conventional attorney's-fees statutes.

In *In re Babcock & Wilcox Co.*, 526 F.3d 824 (5th Cir. 2008), a bankruptcy case relied on by the Attorney General, the Fifth Circuit held that the district court had not abused its discretion in awarding less fees for travel time than those requested. *See id.* at 828-29. However, in holding so, the Fifth Circuit took care to note:

> On the other hand, there are bankruptcy cases to support an award of a reasonable, full hourly rate for travel time that is necessary pursuant to § 330. *See, e.g., In re Cano*, 122 B.R. 812 (Bankr. N.D. Ga. 1991); *In re Zepecki*, 224 B.R. 907, 911-12 (Bankr. E.D. Ark. 1998). **In the context of a civil rights case, the Seventh Circuit has opined that the presumption "should be that a reasonable attorney's fee includes reasonable travel time billed at the same hourly rate as the lawyer's normal working time."** *Henry v. Webermeier*, 738 F.2d 188, 194 (7th Cir. 1984). Judge Posner explained that "[w]hen a lawyer travels for one client he incurs an opportunity cost that is equal to the fee he would have charged that or another client if he had not been traveling." *Id.*

> Accordingly, as courts have recognized, there is not a consensus regarding the billing of travel time under § 330. *In re Matter of Cano*, 122 B.R. at 813 (collecting cases). "The only principle that is eminently clear from these cases is that the courts have broad discretion in awarding fees." *Id.* (citing *In re Temple Ret. Cmty.*, 97 B.R. 333, 336 (Bankr. W.D. Tex. 1989)).

*Babcock & Wilcox*, 526 F.3d at 828 (emphasis added).

This dicta becomes all the more important when the Court considers that in this case, counsel *drove* to and from New Orleans for oral arguments ordered by the federal courts. In other words, this was not simply travel time to meet with a client – which a lawyer could do over the telephone – or traveling by plane across the country to depose a negligible witness. Counsel had no choice but to travel to appear at oral arguments ordered by the federal courts. Moreover, counsel did not travel by airplane, for which travel time courts often decrease the fees. That is because attorneys may double bill for time on an airplane, *i.e.*, billing for travelling and at the same time billing for working while sitting on a plane. However, it is beyond cavil that an attorney cannot double bill for time while driving an automobile, and this Court need say no more on that for the obvious reasons. Having reviewed the disputed entries, this Court finds no abuse of discretion in the billing rates and/or hours expended on travel here.

The next argument raised by the Attorney General is that the Court should not award plaintiffs' counsel for "conflated entries," *i.e.*, billing entries that combine numerous activities into one entry. That is the extent of his argument here apart from citations to time entries from plaintiffs' exhibits.

Plaintiffs cite the Court to an instructive case, *League of United Latin American Citizens #4452 (LULAC) v. Roscoe Independent School Dist.*, 139 F.3d 1228 (5th Cir. 1997). In *LULAC*, the court held – with regard to billing entries – that

> [i]f the applicant's documentation of the hours claimed is "vague or incomplete," the district court may reduce or eliminate those hours. *Id.* (emphasis omitted); *Watkins*, 7 F.3d at 457. As we explained in *Kellstrom*, "[l]itigants take their chances" by submitting fee applications that are too vague to permit the district court to determine whether the hours claimed were reasonably spent. 50 F.3d at 327. On the other hand,
>> ... we are mindful that practical considerations of the daily practice of law in this day and age preclude "writing a book" to describe in excruciating detail the professional services rendered for each hour or fraction of an hour. We also recognize that, in this era of computerized timekeeping, many data processing programs limit the amount of input for any given hourly or daily entry.

*LULAC*, 139 F.3d at 1233 (citing *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 327 (5th Cir. 1997)).

This Court has reviewed the entries disputed by the Attorney General and finds that they are "not so vague or unilluminating that they preclude[] meaningful review of whether particular hours were reasonably expended on this litigation or whether the hours spent were excessive or duplicative. Each attorney submitted records containing the date, the number of hours spent (calculated to a tenth of an hour), and a short but thorough description of the services rendered." *LULAC*, 119 F.3d at 1233. Indeed, no hours here can even be duplicative given that plaintiffs' counsel worked alone. Moreover, all of the entries relate to the sole issue before the District Court and Fifth Circuit – the constitutionality of Section 14:122. While the Attorney General complains that he cannot determine of what the oral arguments consisted, what briefs counsel was reviewing, or what briefs counsel wrote, this Court certainly can. An amicus brief is an amicus brief; an appellee's brief is an appellee's brief; and an appellant's brief is an appellant's brief. The Court cannot fathom whence the Attorney General's confusion arises. Given that the sole issue litigated in this lawsuit has been the constitutionality of the criminal statute, and all pleadings related thereto, the entries are clear and provide no quandary for the Court.

The Attorney General's third and final challenge to plaintiffs' counsel's reasonable hours is his argument that counsel has engaged in "block billing." He asks the Court for an overall 30% reduction as to three time entries that address the drafting, finalizing, and filing of the motion for partial summary judgment, a reply memorandum, and an appellee brief.

"Block billing" refers to a "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Dobson v. Timeless Rests., Inc.*, No. 3:09-CV-2481-L, 2017 WL 1330164, at *6 (N.D. Tex. Apr. 11, 2017) (citing *Harolds Stores, Inc. v. Dillard Dep't Stores, Inc.*, 82 F.3d 1533, 1554 n.15 (10th Cir. 1996)); *see also Hollowell v. Orleans Reg'l Hosp., L.L.C.*, 217 F. 3d 379, 392-93 & n.18 (5th Cir. 2000) (same); *Barrow v. Greenville Indep. Sch. Dist.*, Civ. A. No. 3:00-CV-0913, 2005 WL 6789456, at *3 (N.D. Tex. Dec. 20, 2005) (same). When making a reduction because of block billing most courts reduce a percentage of the hours or the lodestar figure, and this amount usually ranges from 10% to 30%. *Dobson*, 2017 WL 1330164, at *5 (citations omitted).

The Court's review of the disputed time entries reveals that they do not constitute block billing. Each entry – revolving around *one* pleading – reveals no more than multiple tasks performed on the same document. It is not as though each entry reflects distinct actions, *i.e.*, discussing case with the client on the phone, meeting with the paralegal re: case law, draft pleading, consult with client on pleading, take client out to lunch for meeting, etc. Each entry revolves around discrete tasks to finalize a *singular* pleading for submission to the Court. That is not block billing, and the Court rejects this argument.

   **iii. Costs**

  The Attorney General's only argument as to costs is that he should not be solely responsible for their reimbursement. That argument, as noted above, is foreclosed by the ruling of the District Court. [Doc. #93 at p. 2].

**III. Conclusion**

  For the foregoing reasons,

  **IT IS RECOMMENDED** that the Motion to Tax Costs and Attorney's Fees [Doc. #86] be GRANTED in that plaintiffs' counsel be awarded fees in the amount of $35,292.50 and costs in the amount of $650.25, for a total of $35,942.75.

### NOTICE OF RIGHT TO OBJECT

  Objections must be: (1) specific, (2) in writing, and (3) served within fourteen (14) days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 1(a), 6(b) and 72(b). A party's failure to object bars that party from: (1) entitlement to de novo review by a district judge; and (2) appellate review of the un-objected-to factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

  New Orleans, Louisiana, this 4th day of December, 2018.

               **DANIEL E. KNOWLES, III**
               **UNITED STATES MAGISTRATE JUDGE**