UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS SEALS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14837** |
| **BRANDON MCBEE ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Defendants' Motion for Summary Judgment (Doc. 104). For the foregoing reasons, the Motion is **GRANTED IN PART**.

## BACKGROUND

On December 24, 2015, Plaintiff Travis Seals was involved in a verbal altercation with his neighbor, Morgan Baggett. As a result, Baggett contacted the Tangipahoa Sheriff's Office. Deputies arrived at Baggett's home where he reported that during the altercation Seals had threatened to retrieve a weapon from his residence and shoot at Baggett's home. Deputies then went to Seals's home to question him regarding the incident. While the parties disagree regarding Seals's behavior during the questioning, it is undisputed that Seals

attempted to terminate the questioning by retreating into his home. He was then arrested and handcuffed, and the deputies ultimately used pepper spray on Seals in an effort to get him into the patrol car. Seals was arrested for the crimes of assault, aggravated assault, resisting a police officer, and violating the public intimidation statute.[1] A judge later determined that there was probable cause for the arrest. During Seals's arrest, Plaintiff Ali Bergeron was present and was briefly detained and issued a misdemeanor summons for disturbing the peace.

Seals and Bergeron brought the instant § 1983 lawsuit arising out of this incident. The remaining claims are against deputies Brandon McBee, Jon-Rene Sanjurjo, and Jessica Murray for § 1983 false arrest/false imprisonment, excessive force, malicious prosecution and state law false arrest/false imprisonment, excessive force, and malicious prosecution. Plaintiffs also bring a § 1983 claim for supervisory liability and state law vicarious liability against Sheriff Daniel Edwards in his official and individual capacities. The remaining Defendants have moved for summary judgment arguing (1) that Plaintiffs cannot show the violation of any constitutional right and (2) that Defendants are entitled to qualified immunity. Plaintiffs oppose. This Court held oral argument on Defendants' Motion on May 16, 2019.

---

[1] This Court previously found Louisiana's public intimidation statute, Louisiana Revised Statutes § 14:122, unconstitutionally overbroad. Doc. 39. This holding was affirmed by the Fifth Circuit. *See* Seals v. McBee, 898 F.3d 587, 600 (5th Cir. 2018), as revised (Aug. 9, 2018).

## **LEGAL STANDARD**

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[2] A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[3]

In determining whether the movant is entitled to summary judgment, the Court views facts in the light most favorable to the non-movant and draws all reasonable inferences in his favor.[4] "If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial."[5] Summary judgment is appropriate if the non-movant "fails to make a showing sufficient to establish the existence of an element essential to that party's case."[6] "In response to a properly supported motion for summary judgment, the non-movant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim, and such evidence must be sufficient to sustain a finding in favor of the non-movant on all issues as to which the non-movant would bear the burden of proof at trial."[7] "We do not . . . in the absence

---

[2] FED. R. CIV. P. 56(c) (2012).
[3] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).
[4] Coleman v. Houston Indep. Sch. Dist., 113 F.3d 528, 532 (5th Cir. 1997).
[5] Engstrom v. First Nat'l Bank of Eagle Lake, 47 F.3d 1459, 1462 (5th Cir. 1995).
[6] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).
[7] John v. Deep E. Tex. Reg. Narcotics Trafficking Task Force, 379 F.3d 293, 301 (5th Cir. 2004) (internal citations omitted).

of any proof, assume that the nonmoving party could or would prove the necessary facts."[8] Additionally, "[t]he mere argued existence of a factual dispute will not defeat an otherwise properly supported motion."[9]

## LAW AND ANALYSIS

The remaining Defendants have moved for summary judgment on Plaintiffs' remaining claims on the basis that (1) Plaintiffs cannot show the violation of a constitutional right and (2) Defendants are entitled to qualified immunity. "The doctrine of qualified immunity protects government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known."[10] In *Saucier v. Katz*, the Supreme Court promulgated a two-step analysis to determine if an official has stepped outside the bounds of qualified immunity.[11] Under that test, the initial inquiry is whether the Plaintiff has alleged a constitutional violation.[12] If established, the next inquiry is whether the defendant's conduct was objectively reasonable in light of clearly established law at the time the conduct occurred.[13] In *Pearson v. Callahan*, the Court retreated somewhat from this rigid two-step inquiry, giving courts leave to decide which prong to consider first.[14] This Court will

---

[8] Badon v. R J R Nabisco, Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quoting Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994)).
[9] Boudreaux v. Banctec, Inc., 366 F. Supp. 2d 425, 430 (E.D. La. 2005).
[10] Pearson v. Callahan, 555 U.S. 223, 231 (2009) (internal citations omitted).
[11] 533 U.S. 194, 201 (2001).
[12] *Id.*
[13] *Id.*
[14] 555 U.S. 223, 236 (2008).

4

address Defendants arguments for dismissal as they relate to each of Plaintiffs' remaining claims.

## I. Federal Law Claims

### A. False Arrest/False Imprisonment of Seals

First, Plaintiff Seals brings claims for false arrest and false imprisonment under § 1983. Claims for false arrest, unreasonable seizure, and false imprisonment each require a showing of no probable cause.[15] "The Supreme Court has defined probable cause as the 'facts and circumstances within the officer's knowledge that are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'"[16] A police officer is entitled to qualified immunity for an arrest if a reasonable person in his position could have believed that he had probable cause to arrest.[17] Whether probable cause exists is judged based on the facts and circumstances within a police officer's knowledge at the moment of arrest.[18] "If there was probable cause for any of the charges made . . . then the arrest was supported by probable cause, and the claim for false arrest fails."[19]

Defendants show that Plaintiff Seals was arrested on the basis of Baggett's statement given to police that Seals had threatened to get a gun and shoot him. Seals then confirmed the altercation with Baggett but refused to answer questions regarding the threat or cooperate with an investigation into

---

[15] Brown v. Lyford, 243 F.3d 185, 189 (5th Cir. 2001).
[16] Piazza v. Mayne, 217 F.3d 239, 245 (5th Cir. 2000) (quoting Michigan v. DeFillippo, 443 U.S. 31, 37 (1979).
[17] Glenn v. City of Tyler, 242 F.3d 307, 313 (5th Cir. 2001).
[18] Haggerty v. Texas Southern University, 391 F.3d 653, 655–56 (5th Cir. 2004).
[19] Deville v. Marcantel, 567 F.3d 156, 164 (5th Cir. 2009).

the matter. While Plaintiffs state that Baggett's statements are not true, they do not dispute that Baggett gave this statement to police or that Seals refused to answer the officer's questions regarding the incident. Plaintiffs therefore do not submit any evidence creating a material issue of fact regarding what Defendants knew at the time of his arrest. This Court finds that based on the information in their possession at the time of the arrest, Defendants had probable cause to arrest Seals for assault.[20] Courts have found probable cause where an officer relies on the statement of a witness and has no reason to disbelieve that statement.[21] At a minimum, Defendants are entitled to qualified immunity for a reasonable belief that probable cause existed to arrest Seals for that crime.

Further, Plaintiffs do not dispute that following Seals's arrest, a neutral judge found that there was probable cause for the arrest. The Fifth Circuit has held that "[a] finding of probable cause by an independent intermediary such as a magistrate or a grand jury will cut off the peace officers' liability for false arrest under § 1983. This bar applies even if the probable cause finding is made after the defendant's arrest."[22] Accordingly, Plaintiffs cannot succeed on their

---

[20] "Assault is an attempt to commit a battery, or the intentional placing of another in reasonable apprehension of receiving a battery." LA. REV. STAT. § 14:36.

[21] *See* Deville v. Marcantel, 567 F.3d 156, 172 (5th Cir. 2009) ("Marcantel relied on the seemingly reliable statements of officer Tarver as to Deville's speeding and refusal to accept a ticket. There is no evidence establishing that, at the time of the arrest, Marcantel had reason to disbelieve Tarver's description of the criminal activity, or to question his reasons for arresting Deville."); Kyle v. City of New Orleans, 353 So. 2d 969, 972 (La. 1977) (finding probable cause where "[t]he statements by Hodel and Lozier gave the officers reasonable cause to believe that Kyle and Godbey had robbed the supermarket. Hodel and Lozier were security officers. Their statements corroborated each other. A police check of their prior records revealed no basis for discrediting their statements.").

[22] Smith v. Harris, 134 F.3d 366 (5th Cir. 1997); Buehler v. City of Austin/Austin Police Dep't, 824 F.3d 548, 554 (5th Cir. 2016) ("Under this doctrine, 'even an officer who acted with

6

claims for false arrest or false imprisonment of Seals under § 1983 because there was probable cause.

## B. False Arrest and False Imprisonment of Bergeron

Next, Plaintiffs bring claims for the false arrest and imprisonment of Bergeron. Bergeron was briefly detained and issued a summons for disturbing the peace. "An officer may conduct a warrantless arrest based on probable cause that an individual has committed even a minor offense, including misdemeanors."[23] Defendants argue that they had probable cause to arrest Bergeron for disturbing the peace because she was physically and verbally interfering with Seals's arrest. Plaintiffs dispute that Bergeron physically interfered with Seals's arrest and offer the declaration of Seals in support of this contention. Accordingly, a material issue of fact exists as to whether Bergeron physically interfered with Seals's arrest.

Further, Plaintiffs argue that Bergeron's verbal opposition to Seals arrest was protected speech. Under Louisiana Revised Statutes § 14:103,

> Disturbing the peace is the doing of any of the following in such manner as would foreseeably disturb or alarm the public: . . . (2) Addressing any offensive, derisive, or annoying words to any other person who is lawfully in any street, or other public place; or call him by any offensive or derisive name, or make any noise or exclamation in his presence and hearing with the intent to deride,

---

malice . . . will not be liable if the facts supporting the warrant or indictment are put before an impartial intermediary such as a magistrate or a grand jury, for that intermediary's 'independent' decision 'breaks the causal chain' and insulates the initiating party.' Hand v. Gary, 838 F.2d 1420, 1427 (5th Cir. 1988) (quoting Smith v. Gonzales, 670 F.2d 522, 526 (5th Cir. 1982)). Our precedents have applied this rule even if the independent intermediary's action occurred after the arrest, and even if the arrestee was never convicted of any crime.").

[23] *Deville*, 567 F.3d at 165.

7

offend, or annoy him, or to prevent him from pursuing his lawful business, occupation, or duty."

Section 14:103 therefore "requires the specific intent to deride, offend or annoy another person."[24] It is well-settled that "[o]nly fighting words—those which by their very utterance inflict injury and tend to incite an immediate breach of the peace are punishable. Words not considered 'fighting words' are constitutionally protected expressions."[25] The Louisiana Supreme Court has therefore interpreted the words "foreseeably disturb or alarm the public" in § 14:103 to "encompass only conduct which is violent or boisterous in itself, or which is provocative in the sense that it induces a foreseeable physical disturbance."[26]

Here, Defendants have not provided this Court with sufficient facts to determine whether they had probable cause, or the reasonable belief that probable cause existed, to arrest Bergeron for disturbing the peace on the basis of her verbal interference.[27] Indeed, the evidence indicates only that she was "yelling" and "screaming" but does not indicate the words she used or sufficient facts to determine her intent in this behavior. Accordingly, Defendants are not entitled to summary judgment on Bergeron's § 1983 claim for false arrest or false imprisonment.

---

[24] State v. Chauvin, 945 So. 2d 752, 761 (La. App. 5 Cir. 2006).
[25] State v. McCoy, 546 So. 2d 240, 243 (La. App. 2 Cir. 1989); Johnson v. Hollins, 716 F. App'x 248, 252 (5th Cir. 2017); Merritt v. City of Oakdale, 817 So. 2d 487, 491 (La. App. 3 Cir. 2002) ("[A]lthough profanity may be protected speech, that language combined with the intent to deride, offend, or annoy, or to prevent the pursuit of an officer's lawful business, occupation, or duty, is sufficient for an arrest for disturbing the peace.").
[26] State v. Jordan, 369 So. 2d 1347, 1350 (La. 1979).
[27] See Mesa v. Prejean, 543 F.3d 264, 272 (5th Cir. 2008) ("The pertinent facts as to probable cause under Section 14:103(A)(3) are not well-developed in this record.").

**C. Excessive Force against Seals**

Plaintiff Seals next brings a § 1983 claim for excessive force used during his arrest. To prevail on a § 1983 claim for excessive force, a plaintiff must present evidence to support the following elements: "(1) an injury that (2) resulted directly and only from the use of force that was excessive to the need and that (3) the force used was objectively unreasonable."[28] "[A]n injury is generally legally cognizable when it results from a degree of force that is constitutionally impermissible—that is, objectively unreasonable under the circumstances."[29] In determining the objective reasonableness of the force, a court should consider "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight."[30]

It is undisputed that Defendants handcuffed Seals and ultimately pepper sprayed him while he was handcuffed to get him into the patrol car. Seals, however, has not introduced any evidence to show that he suffered an injury as a result of the Defendants' alleged conduct. The Fifth Circuit has made clear that "admissible medical evidence establishing some injury is required to satisfy the injury requirement of an excessive force claim."[31] In other words, even taking as true Plaintiff's allegations that he was handcuffed and pepper sprayed, that is not enough to satisfy the injury element of his excessive force claim.[32] Accordingly, Defendants have carried their burden to

---

[28] Flores v. City of Palacios, 381 F.3d 391, 396 (5th Cir. 2004).
[29] Bush v. Strain, 513 F.3d 492, 501 (5th Cir. 2008).
[30] Graham v. Connor, 490 U.S. 386, 396 (1989).
[31] Montes v. Ransom, 219 F. App'x 378, 380 (5th Cir. 2007).
[32] *See id.* ("Handcuffing too tightly, without more, does not amount to excessive force."); Williams v. United States, No. H-08-2350, 2009 WL 3459873, at *12 (S.D. Tex. Oct.

show that no issue of material fact exists about whether Seals was injured as a result of alleged excessive force, and Plaintiff Seals has failed to rebut that showing with evidence that he was injured. As such, Defendants are entitled to summary judgment on Seals' excessive force claim.

**D. Excessive Force against Bergeron**

Like Seals, Bergeron fails to cite to any evidence showing that she suffered an injury as a result of the Defendants' alleged excessive force. In fact, she fails to even allege that she was injured. Accordingly, Defendants are entitled to summary judgment on her excessive force claim because she has not shown that she was injured, which is a required element of an excessive force claim.[33]

**E. Malicious Prosecution against Seals**

Citing the Fifth Circuit's opinion in *Castellano v. Fragozo*, Defendants contend that there is no federal constitutional claim for malicious prosecution.[34] Indeed, the Fifth Circuit has recognized that there is "no such freestanding constitutional right to be free from malicious prosecution."[35] Instead, "to proceed under 42 U.S.C. § 1983 such a claim must rest upon a denial of rights secured under federal and not state law."[36] "Although many questions persist about the viability of 'malicious prosecution'-type causes of action for purposes of § 1983 claims in the wake of *Castellano*," courts have

---

20, 2009) ("[I]t it is well-settled in the Fifth Circuit that in order to state a claim for excessive force, the plaintiff's alleged injury, though not required to be significant, must be more than *de minimis*.") (collecting cases).

[33] *See Flores*, 381 F.3d at 396.
[34] Castellano v. Fragozo, 352 F.3d 939, 953 (5th Cir. 2003).
[35] *Id.* at 945.
[36] *Id.* at 942.

10

recognized that "a plaintiff may state an actionable claim under the Fourth Amendment arising out of pretrial detention resulting from initiation of a prosecution without probable cause."[37] Such a claim, then, relies on a finding that Defendants lacked probable cause for Plaintiffs' arrests. This Court has already determined that Defendants had probable cause to arrest Seals and therefore Seals's § 1983 claim arising out of the initiation of prosecution fails.

**F. Malicious Prosecution against Bergeron**

Likewise, this Court has recognized a material issue of fact as to whether probable cause existed for the arrest of Bergeron. "The initiation of criminal charges without probable cause may set in force events that run afoul of explicit constitutional protection," for example, "the Fourth Amendment if the accused is seized and arrested."[38] Accordingly, Plaintiffs have alleged a claim arising out of the prosecution of Bergeron. Defendants do not assert any additional grounds for the dismissal of this claim.

**G. Claims against Defendant Sheriff Edwards**

Plaintiffs' Amended Complaint contains allegations that Sheriff Edwards is liable in his official capacity for failure to train and supervise the other Defendants. At oral argument, Plaintiffs consented to the dismissal of these claims. In addition, there are no allegations that Sheriff Edwards was directly involved in the facts at issue here, and therefore the claims against him in his individual capacity are dismissed.

---

[37] Watkins v. Eschete, No. 14-265, 2015 WL 222348, at *9 (E.D. La. Jan. 13, 2015).
[38] *Castellano*, 352 F.3d at 953.

11

## II. State Law Claims

### A. False Arrest of Seals

"Under Louisiana law, '[f]alse arrest and imprisonment occur when one arrests and restrains another against his will without a warrant or other statutory authority.'"[39] Louisiana Code of Criminal Procedure article 213 provides that "a law enforcement officer may arrest a person without a warrant when that officer has 'reason to believe that the person to be arrested has committed an offense.'" "This requires that an officer have probable cause for the arrest."[40] This Court has already determined above that Defendants had probable cause for the arrest of Seals. Accordingly, Defendants are entitled to the dismissal of Seals's state law false arrest claim.

### B. False Arrest of Bergeron

Likewise, this Court has already determined above that material issues of fact exist as to whether Defendants had probable cause to arrest Bergeron. Accordingly, Defendants are not entitled to summary judgment on Bergeron's state law claim for false arrest.

### C. Malicious Prosecution of Seals

Under Louisiana law, the elements of a malicious prosecution claim are "(1) the commencement or continuance of an original criminal or civil judicial proceedings; (2) legal causation by the present defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) the presence of malice

---

[39] *Deville*, 567 F.3d at 172 (quoting Kyle v. City of New Orleans, 353 So.2d 969, 971 (La. 1977)).
[40] *Id.*

therein; and (6) damages conforming to legal standards resulting to plaintiff."[41] Accordingly, "probable cause to arrest is an absolute defense to any claim against police officers for . . . malicious prosecution."[42] Because this Court has found that probable cause existed for Plaintiff Seals's arrest, he cannot succeed on all of the elements of this claim.

### D. Malicious Prosecution of Bergeron

Next, Plaintiff Bergeron brings a claim of state law malicious prosecution. Defendants argue that Bergeron cannot succeed on this claim because there was no bona fide termination of her criminal proceeding. It is undisputed that the charges against Bergeron were dismissed or rejected by the district attorney. The Louisiana Supreme Court has held that voluntary dismissal of charges "implies a 'bona fide' termination in favor of [the accused]; that is, one that indicates his innocence."[43] Accordingly, once Plaintiffs have submitted evidence showing abandonment of the prosecution against them, "the burden shift[s] to the defendant to present evidence to the contrary, and the issue bec[omes] one for the trier of fact to decide."[44] Defendants do not submit any evidence showing that the charges against Bergeron were dismissed for a reason other than "a lack of reasonable grounds to pursue the criminal prosecution."[45] Defendants submit no other arguments for the

---

[41] Graham v. Foret, 818 F. Supp. 175, 177 (E.D. La. 1992) (quoting *Jones*, 448 So.2d at 1271).
[42] McMasters v. Dep't of Police, 172 So. 3d 105, 116 (La. App. 4 Cir. 2015).
[43] Lemoine v. Wolfe, 168 So. 3d 362, 373 (La. 2015) (internal quotations omitted).
[44] *Id.*
[45] *Id.*

13

dismissal of this claim.[46] Accordingly, summary judgment on Bergeron's malicious prosecution claim is denied.

### E. Excessive Force against Seals and Bergeron

"Louisiana's excessive force tort mirrors its federal constitutional counterpart."[47] The considerations for whether the use of force was reasonable under Louisiana law "are sufficiently similar" to the factors considered under federal law, and therefore this Court's "decision on this claim mirrors [its] decision of plaintiffs' § 1983 excessive force claim."[48] Accordingly, Defendants are entitled to summary judgment on Plaintiffs' state law excessive force claims because Plaintiffs have failed to show that they were injured as a result of Defendants' alleged excessive force.

### F. Vicarious Liability Against Sheriff Edwards

Finally, Plaintiffs bring a claim against Sheriff Edwards for vicarious liability based on the behavior of the deputies involved in the case. Because this Court has declined to dismiss some of the state law claims against the deputies, the corresponding vicarious liability claims against Sheriff Edwards likewise remain.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Summary Judgment is **GRANTED IN PART**. Defendants are entitled to summary judgment on all of Plaintiff Seals's claims. Defendants also are entitled to summary judgment

---

[46] It goes without repeating that this Court has found material issues of fact regarding whether there was probable cause for Bergeron's arrest.
[47] *Deville*, 567 F.3d at 172.
[48] *Id.* at 173.

on Plaintiff Bergeron's federal and state excessive force claims. Further, Sheriff Edwards is entitled to summary judgment on all of Plaintiffs' federal law claims. These claims are **DISMISSED WITH PREJUDICE**.

Plaintiff Bergeron's federal false arrest and malicious prosecution claims remain.

Additionally, Sheriff Edwards is entitled to summary judgment on all state law vicarious liability claims except those corresponding to Plaintiff Bergeron's remaining state law claims. Thus, Plaintiff Bergeron's state law vicarious liability claims against Sheriff Edwards based on false arrest and malicious prosecutions allegations survive. Meanwhile, all other state law vicarious liability claims against Sheriff Edwards are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana this 12th day of June, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**