UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TRAVIS SEALS ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-14837** |
| **BRANDON MCBEE ET AL.** | **SECTION: "H"** |

## ORDER AND REASONS

Before the Court is Plaintiffs' Motion for Reconsideration (Doc. 121) of this Court's June 12, 2019 Order and Reasons granting in part a Motion for Summary Judgment by Defendants. For the following reasons, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Travis Seals and Ali Bergeron allege that Defendants—members of the Tangipahoa Parish Sheriff's Office—violated 42 U.S.C. § 1983 and Louisiana law during an incident at Seals's home in December 2015. On April 23, 2019, Defendants moved for summary judgment. In granting the motion in part, the Court held that Defendants were entitled to summary judgment on Seals's excessive force and malicious prosecution claims.[1] Seals now seeks reconsideration of that portion of the Court's June 12, 2019 Order and Reasons.[2] Defendants did not file an opposition to Plaintiff Seals's Motion for Reconsideration.

---

[1] *See* Doc. 117.
[2] Doc. 121.

## LEGAL STANDARD

A Motion for Reconsideration of an interlocutory order is governed by Federal Rule of Civil Procedure 54(b).[3] "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'"[4]

## LAW AND ANALYSIS

### I. Seals's excessive force claim

This Court previously held that Defendants were entitled to summary judgment on Seals's excessive force claims because Seals had produced no evidence showing that he suffered an injury even though an injury is a required element of an excessive force claim.[5] Seals now argues that this Court's decision was untimely because Defendants did not specifically move for summary judgment on this ground, and thus Plaintiff Seals lacked sufficient notice to defend dismissal on this ground.

There is no doubt Seals has had notice since June 12, 2019 of his failure to produce any evidence that he suffered an injury based on Defendants' alleged excessive force. Still, he has not done so. In fact, the only evidence cited to by Seals is a Tangipahoa Parish Sheriff's Office incident report noting that Seals refused medical treatment after being arrested.[6] Certainly refusing

---

[3] FED. R. CIV. P. 54(b) (noting that a district court may revise at any time prior to final judgment "any order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties"). *See* McClendon v. United States, 892 F.3d 775, 781 (5th Cir. 2018).

[4] Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990)).

[5] *See* Doc. 117 at 9–10.

[6] Doc. 104-4 at 9.

2

medical treatment cannot be sufficient to establish an injury for excessive force purposes.

Finally, Seals apparently argues that that evidence of being pepper sprayed constitutes a *per se* injury for excessive force purposes.[7] On the contrary, "[n]umerous courts have found that being tased and/or pepper sprayed, without some long-term effect, is no more than a de *minimus* injury."[8] As such, the Court need not reconsider its grant of summary judgment to Defendants on Plaintiff Seals's excessive force claims.

## II. Seals's malicious prosecution claim

The Court granted summary judgment on Seals's malicious prosecution claims because Defendants had shown that they had probable cause to arrest him, which is a defense to a malicious prosecution claim.[9] Seals now argues that the Court conflated probable cause for some of the charges against Seals as probable cause for all of them. The Court did no such thing. Seals faced charges of simple assault, resisting an officer, public intimidation, and aggravated assault. A Louisiana district court judge determined that Defendants had probable cause to arrest him on all those charges.[10] Accordingly, the Court declines to reconsider the granting of summary judgment on Seals's malicious prosecution claims.

---

[7] *See* Doc. 121-1 at 3 ("But if the force Defendants' used was unreasonable – which is genuinely disputed – then any injury Seals suffered was more than de minimis as a matter of law.").

[8] Martinez v. Nueces Cty., Tex., No. 2:13-178, 2015 WL 65200, at *10 (S.D. Tex. Jan. 5, 2015) (collecting cases), *aff'd sub nom.* Martinez v. Day, 639 F. App'x 278 (5th Cir. 2016), *as revised* (May 12, 2016) (affirming grant of summary judgment on excessive force claim based in part on pepper spray use where "[t]he Plaintiffs failed to adduce any evidence showing that they suffered any cognizable injuries as a result of the force allegedly used by the Defendants").

[9] *See* Doc. 117 at 11, 13.

[10] Doc. 104-11 at 1.

## **CONCLUSION**

For the following reasons, Plaintiff Seals's Motion for Reconsideration (Doc. 121) is **DENIED**.

New Orleans, Louisiana this 23rd day of July, 2019.

_____
**JANE TRICHE MILAZZO
UNITED STATES DISTRICT JUDGE**